**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2055
_____

WESLEY-KEITH MULLINGS, Holder in due course of WESLEY KEITH MULLINGS
and holder in due course of ISAIAH KEISHON MULLINGS, sui juris, and Trustee of
Wesley Keith Mullings Trust,
                                                                    Appellant

v.

HARRIET ELAINE RAGHNAL, Bar # 006762006; AISHA MARGARET SMITH;
STATE OF NEW JERSEY; THOMAS JOSEPH WALSH, Bar # 033311990; LISA
FRAN CHRYSTAL, Bar # 018081982; DAVID BRIAN KATZ, Bar # 021921987
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:22-cv-01294
District Judge: Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 7, 2024

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed:   November 25, 2024)

_____

_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Wesley-Keith Mullings appeals the District Court's dismissal of his claims regarding a custody dispute. For the reasons that follow, we will affirm the District Court's decision.

I.

In March 2022, Mullings filed a complaint stemming from the legal custody and adoption proceedings by his ex-wife, Aisha Margaret Smith, for his now-adult son. He brought claims against Smith and Smith's attorney Harriet Elaine Raghnal, as well as the State of New Jersey, Judge Lisa Fran Chrystal, Judge Thomas Joseph Walsh, and Judge David Brian Katz. These judges each made rulings in Mullings's state court custody matter; Mullings claimed that their decisions were based on falsified documents by Smith and Raghnal. In an amended complaint, Mullings raised state law claims and claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986.

On a motion by the judges and the State, the District Court dismissed Mullings's claims against them. Mullings appealed, but we dismissed his appeal for lack of appellate jurisdiction because the District Court had not yet disposed of Mullings's claims against Smith and Raghnal. *See Mullings v. Raghnal*, No. 23-2470 (order entered Jan. 4, 2024). Mullings

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

then filed a motion pursuant to Federal Rule of Civil Procedure 54(b), seeking a default judgment. The District Court denied the motion to the extent that Mullings sought a default judgment and dismissed his remaining claims. Mullings timely appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Mullings's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009); *see also Gallas v. Sup. Ct.*, 211 F.3d 760, 768 (3d Cir. 2000). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

III.

We agree with the District Court's dismissal of Mullings's claims. First, Mullings's claims against the judges are barred by absolute judicial immunity, a ruling Mullings does not challenge in his appellate brief. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue an appellant fails to develop in an opening brief is forfeited); *see also Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) (explaining that "[a] judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (citations and internal quotation marks omitted). Similarly, Mullings does not challenge the District Court's conclusion that his

3

claims against the State are barred by sovereign immunity.[1] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Mullings makes no arguments challenging the District Court's dismissal of his remaining claims against Smith and Raghnal. In any event, he did not allege the existence of a contractual relationship with either defendant to support a claim under 42 U.S.C. § 1981. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). He also did not make factual allegations of racial or class-based discriminatory animus by these defendants to support a § 1985 or § 1986 claim.[2] *See Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006); *Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir. 1980).

Accordingly, we will affirm the judgment of the District Court.

---

[1] Although Mullings challenges the District Court's alternative conclusion that his claims against the judges and the State are barred by the *Rooker-Feldman* doctrine, we need not address this alternative ground for dismissal. Mullings also does not address the District Court's ruling declining to exercise supplemental jurisdiction over his state law claims and has thus forfeited that issue. *See Wettach*, 811 F.3d at 115. In any event, the District Court did not abuse its discretion in dismissing those claims. *See Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [dismiss state law claims] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction."); *Maher Terminals, LLC v. Port Auth.*, 805 F.3d 98, 104 (3d Cir. 2015) (reviewing such dismissals for abuse of discretion).

[2] Mullings has not clarified his claims in any of his filings to suggest that he could offer additional factual allegations to overcome these barriers to relief. Because Mullings already had an opportunity to amend his complaint, granting him further leave to amend would have been futile and dismissal with prejudice was appropriate. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

4